```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

    COY PHELPS,                    )
        Plaintiff,                 )
                                   )
        v.                         )  C.A. No. 10-11591-MLW
                                   )
                                   )
    UNITED STATES, FEDERAL BUREAU  )
    OF PRISONS, LUIS MARTINEZ,     )
    DAVID REYNOSO, GERALD JOHNSON, )
    ANN CONNOR, JEFFREY GRONDOLSKY,)
    et al.,                        )
        Defendants.                )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        September 26, 2011

On September 17, 2010, Coy Phelps, a civilly committed person confined at FMC Devens, filed a self-prepared complaint and paid the filing fee (the "Complaint"). In the caption of the Complaint, he identified the United States, the Federal Bureau of Prisons (the "BOP"), Luis Martinez, David Reynoso, Gerald Johnson, Ann Connor, Jeffrey Grondolsky, and "Other Employees at FMC-Devens acting in a Conspiracy" as defendants. The Clerk received the Complaint on September 17, 2010 and issued summonses as to all defendants identified by name in the caption of the Complaint. The Clerk sent blank summonses to Phelps for the defendants not identified by name in the Complaint.

On October 20, 2010, Phelps filed a Motion to Amend the Complaint to "add the names Darren Brown, Michael Bollinger, and Joe Norwood." Phelps stated that Brown and Bollinger were already mentioned in the Complaint. Phelps also stated that the Complaint

refers to an "unnamed N.E. Regional Director of the BOP" and that Phelps had recently learned that Norwood is the person holding that position.

On November 1, 2010, the Court entered an electronic Order granting Phelps's Motion to Amend the Complaint. The Court stated, "Plaintiff shall file and serve the Amended Complaint forthwith." Phelps has not, however, filed an Amended Complaint. It is not clear whether Phelps intended to amend the Complaint simply by adding names to the caption of the original Complaint (and substituting Norwood as the unnamed N.E. Regional Director of the BOP in the body of the Complaint) or whether he also intended to add additional allegations or claims against these three defendants. Phelps's failure to file an Amended Complaint has resulted in stagnation of this case and ambiguity as to whether the defendants were required to respond to the original Complaint. Accordingly, it is hereby ORDERED that:

1. Phelps shall, by October 28, 2011, file an Amended Complaint.

2. Upon filing of an Amended Complaint, the Clerk shall promptly issue summonses as to the new defendants, and Phelps shall serve the three new defendants within 120 days of the issuance of summonses and promptly file returns of service.[1]

---

[1] The court notes that the docket indicates that Phelps served summons and the original Complaint upon Brown on October 20, 2010 and upon Norwood on October 19, 2010. This service was

3.  The defendants to the original Complaint who have been served with summons and the original Complaint shall have 60 days from the filing of the Amended Complaint to file an answer or otherwise respond to the Amended Complaint.

4.  The three defendants added by the amendment of the Complaint shall have 60 days from service to file an answer or otherwise respond to the Amended Complaint.

5.  The Motion for a Temporary Restraining Order (Docket No. 4) is DENIED without prejudice.  Phelps may file a renewed motion for preliminary injunctive relief after his Amended Complaint has been filed.

6.  The Motion for Declaration (Docket No. 7) is DENIED without prejudice because it is, at a minimum, premature.

7.  The Motion to Have the United States Marshal Serve Defendant Johnson (Docket No. 15) is DENIED.  Even if plaintiff had indigent status in this case, he would be responsible for providing the United States Marshal with all relevant contact information for the party to be served.  It is not the duty of the United States Marshal to locate defendant Johnson for the plaintiff.

However, Assistant United States Attorney Sonya A. Rao has entered a limited appearance for Johnson and other individual defendants.  She shall, by October 15, 2011, state whether service

---

in error because, at that time, summons had not issued as to these defendants and the court had not granted Phelps's Motion to Amend the Complaint.

on Johnson is waived, and, if not, if she is able to provide an address at which Johnson or his authorized agent may be served.

8. The Motions for Summary Judgment (Docket Nos. 20, 32) are DENIED without prejudice because they are premature.[2] See Fed. R. Civ. P. 56(f).

9. The Motion for Clarification of Defendants' Answer Deadline (Docket No. 25) is ALLOWED. The defendants shall respond to the Amended Complaint as set forth above.

10. The Motions to Take Judicial Notice (Docket Nos. 26, 33) are DENIED. However, Phelps may cite relevant authority in any future motions for relief.

11. The Motion for Default Judgment (Docket No. 28) is DENIED. Given Phelps's failure to file an Amended Complaint and the defendants' request for clarification as to the deadline to respond, entry of default or default judgment is not justified.

12. The Motion for Leave to File Opposition to Motion for Default Nunc Pro Tunc (Docket No. 30) is DENIED as moot.

13. The Motion for Extension of the Deadline to Answer or Otherwise Respond (Docket No. 30) is ALLOWED. Defendants shall respond to the Amended Complaint as set forth above.

---

[2] Any future motions for summary judgment must comply with Local Rule 56.1, which requires the moving party to "include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation." Local Rules of the United States District Court for the District of Massachusetts Rule 56.1.

4

```
                            /s/ Mark L. Wolf
                         UNITED STATES DISTRICT JUDGE
```